UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY ELIZABETH WOLFE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. SACV 16-01211-KES<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Penny Elizabeth Wolfe ("Plaintiff") appeals the final decision of the Administrative Law Judge ("ALJ") denying her application for disability insurance benefits ("DIB"). For the reasons discussed below, the Court concludes that the ALJ failed to make required findings concerning the transferability of Plaintiff's job skills. The decision of the Social Security Commissioner is therefore REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

## I.
## BACKGROUND

Plaintiff applied for DIB on July 30, 2013, alleging disability commencing March 1, 2013. Administrative Record ("AR") 13, 57. An ALJ conducted a

hearing on October 16, 2014, at which Plaintiff, who was represented by an attorney, appeared and testified. AR 29-56.

On January 15, 2015, the ALJ issued a written decision denying Plaintiff's request for benefits. AR 13-24. The ALJ found that Plaintiff had the following severe impairments: "spondylosis of the cervical and lumbar spine; unspecified myalgia and myositis with a history of fibromyalgia; atypical chest pain; hypertension; and obesity." AR 15.

Notwithstanding her impairments, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of "light" work with the following additional limitations: "lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for 2 hours of an 8-hour workday with regular breaks; she can alternate between sitting and standing every 2 hours; she can sit for 6 hours out of an 8-hour workday with regular breaks; she can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; she cannot climb ladders, ropes, or scaffolds; and she cannot work at unprotected heights." AR 17.

Based on this RFC and the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could perform her past relevant work as a financial customer service representative. AR 69-70. Therefore, the ALJ concluded that Plaintiff is not disabled. Id.

## II.
## ISSUES PRESENTED

Issue One: Whether the ALJ erred in determining that Plaintiff can perform her past relevant work, and if so, whether that error was harmless.

Issue Two: Whether the ALJ failed to account for Plaintiff's hand impairments in formulating the RFC.

Joint Stipulation ("JS") at 7.

## III.
## DISCUSSION

**A.    The ALJ erred in determining that Plaintiff can perform her past relevant work.**

    **1.    Relevant Proceedings.**

At the hearing, the VE testified that Plaintiff's past relevant work was "best categorized" as customer service representative (financial), Dictionary of Occupational Titles ("DOT") 205.362-026.  AR 48.  The VE further testified that this job is "skilled" work requiring "light" exertion.  Id.  The ALJ asked Plaintiff's counsel if he objected to this classification of Plaintiff's past relevant work, and counsel responded, "no."  Id.

The ALJ next asked the VE three questions concerning whether a hypothetical person with various limitations could perform Plaintiff's past relevant work.  AR 48-50.  The first two hypotheticals were not consistent with Plaintiff's RFC as ultimately determined by the ALJ, because they posited standing/walking for 6 hours each workday rather than only 2 hours.  Compare AR 17 with AR 48-49.  The third hypothetical question was consistent with Plaintiff's RFC.  Compare AR 17 with AR 50.  The VE testified that the third hypothetical person (i.e., someone with Plaintiff's RFC) could not do Plaintiff's past work.  AR 50.

The ALJ next asked the VE if the third hypothetical person (who was assumed to have Plaintiff's work experience) would have "any transferrable skills."  Id.  The VE testified that the hypothetical person would have transferable "customer service skills."  Id.  The ALJ asked the VE to "list" the "other work" to which those transferrable skills would apply.  The VE identified two sedentary jobs that would fit within the RFC described in hypothetical three: (1) customer service representative (radio and television broadcasting, telephone and telegraph, utilities, waterworks), DOT 239.362-014, and (2) order clerk, DOT 249.362-026.  AR 50-51.

When the ALJ wrote her decision, however, she mistakenly found that the VE testified that someone with Plaintiff's RFC <u>could</u> perform her past relevant work. AR 23. Even the Commissioner concedes this was error. JS at 19. The Commissioner, however, argues that this error was harmless, because Plaintiff could do the other two jobs identified by the VE as consistent with Plaintiff's transferable skills. Id.

Plaintiff disputes the Commissioner's assertion of harmless error. Because she was a person of "advanced age" whose RFC limits her to a reduced range of "light" work, Plaintiff contends that the ALJ was required to make special, additional findings concerning the amount of vocational adjustment Plaintiff would need to make to perform the two new jobs identified by the VE. JS at 17 n.11 ¶ 2; at 20-21.

**B.    <u>The ALJ failed to make required findings concerning the transferability of Plaintiff's job skills, precluding a finding of harmless error.</u>**

**1.    Threshold Classifications.**

When a claimant is older or assessed with an RFC that limits them to sedentary or light work, Social Security regulations require the ALJ to make special findings regarding the transferability of job skills. The Court, therefore, first considers Plaintiff's age and RFC.

a.    Age.

The regulations define a person of "advanced age" as someone age 55 or older. 20 C.F.R. § 404.1563(e). The regulations recognize that advanced age "significantly affects a person's ability to adjust to other work." Id. For that reason, there are "special rules for persons of advanced age and for persons … who are closely approaching retirement age (age 60 or older)." Id., citing 20 C.F.R. § 404.1568(d)(4).

The regulations require the Commissioner to use "each of the age categories that applies" to a claimant "during the period for which [the Commissioner] must

determine if [the claimant is] disabled." 20 C.F.R. § 404.1563(b). The relevant period runs from the alleged onset date through the date of the ALJ's opinion. Lockwood v. Comm'r of SSA, 616 F.3d 1068, 1070 (9th Cir. 2010).

Where a claimant is within a few months of reaching an older age category, the claimant is in a "borderline" age situation. 20 C.F.R. § 404.1563(b). In a "borderline" age situation, the ALJ has discretion to apply the older age category, but is not required to do so. Id. An ALJ may demonstrate consideration of a claimant's age by noting it in the written decision and citing section 404.1563 which prohibits applying age categories mechanically in borderline cases. Lockwood, 616 F.3d at 1072. The ALJ need not explain why he/she declined to apply the older age category. Id.

On the alleged onset date of March 1, 2013, Plaintiff was 59, making her a person of "advanced age." AR 57. By January 15, 2015, the date of the ALJ's decision, she was older than 60, making her a person "closely approaching retirement age." Id. At some point during the relevant period prior to turning 60, she would have been on the "borderline" of approaching retirement age.

        b.    RFC Exertional Level.

The regulations define "light" versus "sedentary" work, as follows:

> (a) Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> (b) Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category

5

> when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(a)-(b).

Social Security Regulation ("SSR") 96-9p further clarifies that "Jobs are sedentary if walking and standing are required occasionally …. 'Occasionally' means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday. Sitting would generally total about 6 hours of an 8-hour workday." 1996 SSR LEXIS 6, at *8-9. To "perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals." Id. at *17.

Comparing Plaintiff's RFC to these requirements, her lifting/carrying abilities are consistent with "light" work. Compare AR 17 with 20 C.F.R. § 404.1567(b). Her walking/standing/sitting abilities (i.e., walking/standing for only 2 hours; sitting for 6 hours with breaks every 2 hours) are consistent with sedentary work. Compare AR 17 with SSR 96-9p.

**2. Regulations Governing the Determination of Transferrable Skills.**

A claimant is considered to have "transferable skills" if the "skilled or semi-skilled work activities [he/she] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work." 20 C.F.R. § 404.1568(d)(1). Transferability "depends largely on the similarity of occupationally significant work activities among different jobs." Id.

6

Transferability is most probable when:

    (i) The same or lesser degree of skill is required;

    (ii) The same or similar tools and machines are used; and

    (iii) The same or similar raw materials, products, processes or services are involved.

Id. at § 404.1568(d)(2). Complete similarity of these three factors, however, is "not necessary for transferability." Id. at § 404.1568(d)(3). Generally, a VE can provide testimony concerning these factors, comparing the required skills, reasoning level and training for the jobs as identified in the DOT. The ALJ may rely on an ALJ's testimony concerning these factors without making express findings concerning each factor. Engel v. Colvin, 2015 U.S. Dist. LEXIS 144467, at *14 (C.D. Cal. Oct. 23, 2015); Garcia v. Astrue, 2012 U.S. Dist. LEXIS 132493, at *19-23 (E.D. Cal. Sept. 16, 2012).

    The regulations also contain special provisions for transferability of skills for persons of advanced age, as follows:

> If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to sedentary or light work, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work … that you can do despite your impairment(s). We will decide if you have transferable skills as follows:
>
> [Clause 1] If you are of advanced age and you have a severe impairment(s) that limits you to no more than sedentary work, we will find that you have skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry. (See § 404.1567(a) [defining "sedentary" work] and

§ 201.00(f) of appendix 2 [medical-vocational guidelines].)

[Clause 2] If you are of advanced age but have not attained age 60, and you have a severe impairment(s) that limits you to no more than light work, we will apply the rules in paragraphs (d)(1) through (d)(3) of this section [quoted above] to decide if you have skills that are transferable to skilled or semiskilled light work (see § 404.1567(b) [defining "light" work]).

[Clause 3] If you are closely approaching retirement age (age 60 or older) and you have a severe impairment(s) that limits you to no more than light work, we will find that you have skills that are transferable to skilled or semiskilled light work only if the light work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry. (See § 404.1567(b) and Rule 202.00(f) of appendix 2 to this subpart.)

20 C.F.R. § 404.1568(d)(4).

Clauses [1] and [3] reference certain Medical-Vocational Guidelines found at 20 C.F.R. §404, Subpart P, Appendix 2, Rule 200.00 et seq. Plaintiff cites to Rule 201.00(f) which provides as follows: "In order to find transferability of skills to skilled sedentary work for individuals who are of advanced age …, there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." JS at 17, n.11 ¶ 2.

SSR 82-41 provides a further gloss on transferability of skills. First, SSR 82-41 provides the following definition of a job "skill" that is potentially transferable:

A skill is knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn). It is

> practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner. This includes activities like making precise measurements, reading blueprints, and setting up and operating complex machinery.

1982 SSR LEXIS 34 at *4.

Next, SSR 82-41 acknowledges that "advancing age" is an important factor "associated with transferability because … advancing age decreases the possibility of making a successful vocational adjustment." Id. at *13.

Finally, SSR 82-41 requires the ALJ to make certain findings of fact and include them in the written decision whenever "the issue of skills and their transferability must be decided." Id. at *19. Specifically, "when a finding is made that a claimant has transferable skills, the acquired skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the … ALJ's decision." Id.

The Ninth Circuit has determined that the "specific findings on transferable skills" required by SSR 82-41 "are necessary even where the ALJ relies on the testimony of a VE." Bray v. Comm'r of SSA, 554 F.3d 1219, 1225. In Bray, a VE testified that while Ms. Bray could not return to her past work as an insurance underwriter or medical assistant, she had transferrable skills and could work as a file clerk. Id. at 1223. The ALJ accepted this testimony and found Ms. Bray was not disabled. Id. The Ninth Circuit found the ALJ's determination deficient in several respects. First, the decision failed to identify the "particular skills" that Ms. Bray had acquired from her past work that would transfer to work as a file clerk. While the VE had testified that Ms. Bray's past work would have "exposed her to computers, customer service, and possibly some data entry," that testimony was insufficient, because (1) it was impossible from the record to determine if the ALJ adopted that testimony, and (2) there was no discussion as to whether these

9

technology-related skills were truly transferrable, given that Ms. Bray's past work had occurred fifteen years earlier. Id. at 1224. Second, the ALJ failed to make findings under Rule 201.00(f) concerning the degree of vocational adjustment required, as follows:

> Neither the ALJ's decision nor the VE's testimony addresses whether Bray – who was one month from turning 55 at the time of her hearing – would have to undergo more than minimal "vocational adjustment" to perform successfully the tasks required of a file clerk, general clerk, or sales clerk, or otherwise determined whether the skills required of an insurance underwriter are substantially similar to those required of a general, file, or sales clerk.

Id. The Ninth Circuit remanded the case "so that the ALJ can further develop the record and make specific findings on whether Bray has transferable skills." Id. at 1226.

In Renner v. Heckler, 786 F.2d 1421 (9th Cir. 1986), a VE testified that the claimant, a person of advanced age limited to sedentary work, had acquired the following skills from her past work: "dealing with and selling to the public, handling cash, using a cash register, filling out credit card transactions, completing receipts, inventorying and ordering, inspecting merchandise, answering telephones, and figuring discounts." Id. at 1423. He opined that "several" of these skills were transferable to work as a box office cashier, telephone operator, or motel clerk. Id. The record, however, was "silent as to the amount of 'vocational adjustment' required for Renner to transfer into them." Id. at 1424. The Ninth Circuit held that because each new job identified by the VE "appears to require some adjustment to new industries and work settings" and the VE "failed to demonstrate that Renner would be able to perform these jobs with very little, if any, vocational adjustment," the ALJ's finding of transferable skills "constitutes legal error." Id.

**3. Analysis.**

The Court will first consider which clauses of 20 C.F.R. § 404.1568(d)(4) apply to Plaintiff.

<u>Clause 1</u>: As of the onset date, Plaintiff was a person of "advanced age," but Plaintiff was not limited to "no more than sedentary work." Her RFC for lifting and carrying exceeds sedentary work. <u>Compare</u> AR 17 <u>with</u> 20 C.F.R. § 404.1567(a)-(b).

<u>Clause 2</u>: As of the onset date, Plaintiff was a person of "advanced age" who was not yet 60 and limited to "no more than light work." Thus, until she turned 60, Clause 2 applied. As she approached age 60, the ALJ had discretion to treat her as a "borderline" case and apply Clause 3.

<u>Clause 3</u>: Upon turning 60, Plaintiff was closely approaching retirement age and limited to "no more than light work." Thus, after she turned 60, Clause 3 applied.

   a. Clause 2.

For the portion of the relevant period governed by Clause 2, the ALJ was required to apply 20 C.F.R. § 404.1568(d)(1)-(3) to determine if Plaintiff had acquired skills transferable to the new jobs identified by the VE. At a minimum, that analysis required the ALJ to (1) identify in her written decision the skills Plaintiff acquired from her past work and the specific occupations to which those skills might be transferrable, (2) consider whether Plaintiff's prior work and the new occupations identified involve the same or a lesser degree of skill, and use the same or similar tools, machines, raw materials, products, processes, or services, and (3) in light of those considerations, make a finding that Plaintiff's skills are actually transferrable to the identified new occupations.

The ALJ failed to do any of this, because her decision mischaracterized the testimony of the VE and did not address transferability at all. The record is insufficient for the Court to determine conclusively that this error was harmless.

First, the VE's identification of potentially transferable skills as "customer service skills" does not comport with the definition of "skills" in SSR 82-41 or the kinds of skills listed by the Ninth Circuit in Renner. The term "customer service" describes a broad category of work, not specific job activities/skills such as answering phones, researching customer complaints, processing returns, or interacting with the public.

Second, there is no indication that the ALJ considered whether Plaintiff's job skills were truly transferrable in light of the factors listed in 20 C.F.R. § 404.1568(d)(3), because the ALJ did not base her decision on transferability. The VE did provide some helpful testimony, e.g., Plaintiff's prior work was classified as reasoning level 6, whereas the two new jobs identified required only reasoning level 4 or 5. AR 48, 50-51. There is no indication, however, that the ALJ adopted this testimony or considered how changing industries or returning to work after years of not working would affect the transferability of Plaintiff's job skills.

Third and finally, even before Plaintiff turned 60, the ALJ was required by Rule 201.00(f) to assess the degree of vocational adjustment that Plaintiff would require to transition to new work and find that it was "very little, if any … in terms of tools, work processes, work settings, or the industry." Rule 201.00(f) applies to persons of advanced age who are seeking to transfer skills to "sedentary work," without regard for whether their RFC is restricted to sedentary work. The VE testified that both proposed new jobs were sedentary. AR 50-51. The ALJ made no findings as to the vocational adjustment Plaintiff would require in terms of tools, work processes, work settings, or the industry, because the ALJ did not rely on transferability to determine that Plaintiff is not disabled.

      b.    Clause 3.

For the portion of the relevant period governed by Clause 3 (which the ALJ should exercise discretion to decide), the ALJ was required to make findings regarding the degree of vocational adjustment that would be required for Plaintiff to

transfer her skills. As discussed above, the ALJ failed to do so.

**C.    Remand for Further Proceedings is Appropriate.**

When an ALJ errs in denying benefits, the Court generally has discretion to remand for further proceedings. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Here, remand for further proceedings is appropriate because the ALJ did not make required findings concerning the transferability of Plaintiff's job skills. On remand, the ALJ may wish to consider Plaintiff's other claim of error.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 21, 2017

_____
KAREN E. SCOTT
United States Magistrate Judge